IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| VELIA RAMOS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 7:17-cv-319 |
| | § | |
| GREAT LAKES REINSURANCE UK SE | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Please take notice that Defendant, Great Lakes Insurance SE, f/k/a Great Lakes Reinsurance (UK) SE (hereinafter "Great Lakes" or "Defendant"), while fully reserving all rights and defenses, files this Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division. In support of its Notice of Removal, Great Lakes would respectfully show as follows:

### NATURE OF THE PENDING STATE CASE

1.      On or about July 5, 2017, Plaintiff Velia Ramos ("Plaintiff") filed a civil action against Great Lakes styled *Velia Ramos v. Great Lakes Reinsurance UK SE*, originally pending as Cause No. C-2992-17-G in the 370th Judicial District Court of Hidalgo County, Texas.

2.      That matter is an insurance dispute, wherein Plaintiff alleges in her Original Petition that her residential property, located at 2110 Rebecca Drive, Edinburg, Hidalgo County, Texas 78542 and insured under a policy issued by Great Lakes, sustained damage from a hail/wind storm occurring on or about November 24, 2014. Plaintiff further alleges, *inter alia*, that Great Lakes breached the contract of insurance, breached the duty of good faith and fair

dealing, violated the Texas Insurance Code, and committed fraud in the course of investigating and handling an insurance claim for alleged damages to Plaintiff's property.

3.      Defendant has attached hereto the documents required to be filed with this Notice of Removal.[1]

## JURISDICTION

### A. Jurisdictional Statement

4.      Pursuant to 28 U.S. Code § 1441(a), Defendant removes this action to the District Court of the United States for the Southern District of Texas, McAllen Division, because it is the District and Division embracing the place where such action is pending. In support thereof, Defendant would show that this action is between citizens of different states, and the true amount in controversy exceeds $75,000.00.

### B. Diversity of the Parties

5.      Plaintiff's Original Petition confirms that she resides in Hidalgo County, Texas.[2]

6.      Plaintiff's Original Petition also confirms that Defendant is not a citizen of Texas.[3] Great Lakes is a Societas Europea incorporated in Germany and registered with the commercial register of the local court of Munich under number HRB 230278.  Great Lakes' registered office is at Königinstraße 107, 80802 Munich, Germany.

### C. Amount in Controversy

7.      Plaintiff pleads in her Original Petition that she is "seek[ing] monetary relief of $100,000.00 or less…."[4] Yet, Plaintiff also disingenuously attempts to avoid the Federal forum

---

[1] Plaintiffs' Original Petition and Process, attached hereto as Exhibit "A;" State Court Docket Sheet, attached hereto as Exhibit "B;" Index of Matters Being Filed, attached hereto as Exhibit "C;" and List of All Counsel of Record, attached hereto as Exhibit "D." No orders have been signed by the state court judge as of the date of this Notice of Removal.
[2] *See* Exhibit A, at ¶ 2.
[3] *See Id.*, at ¶ 3.
[4] *See id.*, at ¶ 84.

by pleading a specific amount in controversy less than the jurisdictional threshold of this Court, supported only by an improper self-styled "stipulation"[5] in violation of the pleading standards set forth by the Texas Rules of Civil Procedure. As demonstrated herein, it is apparent both from Plaintiff's pleadings and by a preponderance of summary judgment-type evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

### i. The Fifth Circuit Standard

8.      Subject to several exceptions, the sum demanded in good faith in a plaintiff's petition is generally deemed to be the amount in controversy.[6] One such exception is when "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."[7] The Fifth Circuit has explicitly recognized the importance of this exception, and held that when a plaintiff pleads a specific sum below the jurisdictional minimum (or a ceiling on damages "barely within the statutory limit"[8]) in contravention of state practice, "[s]uch manipulation is surely characterized as bad faith."[9]

9.      In such situations, the amount pleaded by the plaintiff is no longer entitled to the deference of the general rule, and the removing defendant may demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[10] This can be accomplished by showing that it is apparent from the face of the plaintiff's petition that the claims are likely to exceed $75,000.00; or by providing "summary judgment-type evidence of

---

[5] *See id.*, at p. 24.
[6] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)); 28 U.S.C. § 1446(c)(2).
[7] 28 U.S.C. § 1446(c)(2)(A).
[8] *De Aguilar v. Boeing*, 47 F.3d 1404, 1408 (5th Cir. 1995).
[9] *Id.*, at 1410.
[10] *Id.*, at 1410-1411; 28 U.S.C. § 1446(c)(2).

facts in controversy" supporting the proposition that the jurisdictional minimum has been met.[11] To avoid removal, the plaintiff must then show that "as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint."[12]

### ii. The Specific Amount Pleaded by Plaintiff Contravenes State Practice in Bad Faith and does not Control the Amount in Controversy.

10.     Texas law does not allow plaintiffs to plead specific amounts of damages, but instead requires that pleadings contain statements that the damages sought are within the jurisdictional limits of the state court, and that those damages fall within one or more allocated ranges of monetary value.[13] Plaintiff in the instant matter has specifically pleaded that her damages do not exceed the jurisdictional amount,[14] which the Fifth Circuit has held to be the equivalent of a specific amount for the purposes of this analysis[15] and, *ergo*, is not permitted under Texas state practice. The specific amount of damages pleaded in Plaintiff's Original Petition is thus not entitled to the deference provided by § 1446(c)(2).

11.     Because courts must consider the claims in the state court petition as they existed at the time of removal,[16] Plaintiff's attempt to circumvent Texas practice and Fifth Circuit precedent through a non-binding "stipulation" is equally ineffectual.[17] First, Plaintiff's "stipulation" also violates Texas practice, which states that only "[n]otes, accounts, bonds, mortgages, records, [or] all other written instruments, constituting, in whole or in part, the claim

---

[11] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674–75 (5th Cir. 2003).
[12] *De Aguilar*, 47 F.3d at 1411.
[13] *See* Tex. R. Civ. P. 47(b)-(c).
[14] *See, e.g.*, Exhibit A, at ¶4; and p. 21, at "O. PRAYER.".
[15] *See De Aguilar*, 47 F.3d at 1408.
[16] *Manguno*, 276 F.3d at 722.
[17] *See* Exhibit A, at p. 24.

sued on… may be made a part of the pleadings….” and in fact unequivocally states that “[n]o other instrument of writing shall be made an exhibit in the pleading.”[18]

12.     Second, even if this unsworn “stipulation” were somehow deemed to “constitute the claim sued on,” it is still not binding upon the parties. The “stipulation” is not binding upon Defendant because it does not constitute an agreement, and in fact Defendant disputes the accuracy of its contents.[19] The “stipulation” is likewise not binding upon Plaintiff as a judicial admission because she can avoid its terms by simply amending her Petition to exclude it at any time, without leave of court, up until seven days before trial.[20]

13.     Yet, despite having this commonly-known ability to amend her pleadings, and in direct contradiction of the statement in her “stipulation” that she will not, Plaintiff’s Original Petition intentionally and explicitly reserves her right to do so: “[p]laintiff reserves the right to amend her petition to add additional counts upon further discovery and as her investigation continues.”[21] Plaintiff further seeks to avoid being bound to and contradicts her “stipulation” by asserting the jury’s power to “ultimately determine the amount of monetary relief actually awarded…” and reserving her right “to prove the amount of damages at trial.”[22]

14.     To be clear, if Plaintiff were to exercise her inherent right to amend her petition and exclude the “stipulation,” any real or perceived effect of the assertions therein would cease to exist.[23] Consequently, because state practice does not permit the specific damage amount

---

[18] Tex. R. Civ. P. 59

[19] *See, e.g., Valley Indus., Inc. v. Cook*, 767 S.W.2d 458, 461 (Tex. App.—Dallas 1988, writ denied) (“Since there were no stipulations in the record as to the agreement and the parties continually argued as to the content of the agreement, the trial court wisely ruled that there was no agreement between the parties.”).

[20] *See* Tex. R. Civ. P. 63; *see also Sosa v. Cent. Power & Light,* 909 S.W.2d 893, 895 (Tex. 1995); *Greenhalgh v. Serv. Lloyds Ins. Co.,* 787 S.W.2d 938, 941 (Tex. 1990).

[21] *See* Exhibit A, at ¶ 85.

[22] *See id.*, at ¶¶84-85.

[23] *See* Tex. R. Civ. P. 63; *see also Ford v. United Parcel Serv., Inc. (Ohio)*, 3:14-CV-1872-D, 2014 WL 4105965, at *4 (N.D. Tex. Aug. 21, 2014), *motion to certify appeal denied sub nom. Ford v. United Parcel Serv., Inc.*, 3:14-CV-1872-D, 2014 WL 6491446 (N.D. Tex. Nov. 20, 2014) (holding that judicial admissions limiting damages “cease to

pleaded in Plaintiff's Original Petition or the patently contradictory unsworn "stipulation" electronically signed by her counsel, Plaintiff's pleaded amount does not control and Defendant is entitled to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[24]

### iii. Plaintiff's Pre-Suit Demand Letter Demonstrates by a Preponderance of the Evidence that the Amount in Controversy Exceeds $75,000.00.

15.     In a December 9, 2015 letter to Defendant invoking the Texas Insurance Code and DTPA, Plaintiff asserted a total demand for damages in the amount of $40,567.17, and pursuant to those statutes unequivocally stated her intention to seek "a significant amount of additional damages including, but not limited to, extra-contractual damages, additional attorneys' fees, statutory interest, court costs and exemplary damages."[25] Plaintiff has done exactly that by filing the underlying suit seeking additional categories of damages and three times her actual damages, which she identifies as "the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees."

16.     Thus, without considering punitive interest and a presumably expanded amount for attorneys' fees, and using only the amounts in her demand letter now categorized as actual damages in her Petition, Plaintiff's claim for treble damages totals $121,701.51. It is therefore clear from the foregoing summary judgment-type evidence, presented in Plaintiff's own words, that the amount in controversy meets and exceeds the requisite jurisdictional minimum of $75,000.00, and removal is therefore proper.[26]

---

be 'conclusive and indisputable judicial admissions' if [plaintiff] chooses to amend or supersede her petition, as the Texas rules give her considerable latitude to do.") (internal citations omitted).
[24] *See De Aguilar,* 47 F.3d at 1411; § 1446(c)(2).
[25] *See* Plaintiff's Demand Letter of December 9, 2015, a true and correct copy of which is attached hereto as Exhibit "E" and incorporated by reference herein as if set forth verbatim, at pp. 1-2.
[26] *See Manguno,* 276 F.3d at 723.

### iv. It is Apparent from the Face of Plaintiff's Petition that the Amount in Controversy Exceeds $75,000.00.

17.     Even without the aforementioned demand letter, it is apparent from the face of Plaintiff's Original Petition that the actual amount in controversy exceeds $75,000.00.

18.     Plaintiff's live pleadings state that she seeks:

    a.   The amount of her claim and attorney's fees for breach of contract;[27]

    b.   The policy benefits, mental anguish, court costs, and attorney's fees, all trebled for knowing violations of Chapter 541 of the Texas Insurance Code;[28]

    c.   Eighteen percent interest and attorney's fees for violations of Chapter 542 of the Texas Insurance Code;[29]

    d.   Compensatory, consequential, exemplary damages, and damages for emotional distress for violation of the duty of good faith and fair dealing;[30] and

    e.   Actual and exemplary damages, and attorney's fees, interest, and costs for fraud.[31]

19.     As previously demonstrated herein, Plaintiff seeks recovery of alleged actual damages in excess of $40,000.00 that she then seeks to treble under the Texas Insurance Code, plus statutory interest damages, exemplary damages, and attorneys' fees. As all of these are considered in ascertaining the amount in controversy,[32] the Fifth Circuit has agreed that similar

---

[27] *See* Exhibit A, at ¶ 78.
[28] *See id.*, at ¶ 79; *see also* Tex. Ins. Code § 541.152(b).
[29] *See id.*, at ¶ 80; *see also St. Paul Reinsurance*, 134 F.3d at 1255 (Discussing the 18% per annum interest available under the Texas Insurance Code and holding that "[d]espite being described in terms of a per annum percentage for purposes of calculation, the statutory exaction here is not 'interest' within the contemplation of § 1332; it clearly is an element of damages.").
[30] *See id.*, ¶ 81.
[31] *See id.*, ¶ 82.
[32] *See St. Paul Reinsurance*, 134 F.3d at 1253 ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under

"lengthy list[s] of compensatory and punitive damages… when combined with attorney's fees, would exceed $75,000."[33] Indeed, simple arithmetic shows that the amount sought by Plaintiff under the Texas Insurance Code alone well exceeds $120,000.00 as of the date of this Notice of Removal.

20.     Plaintiff's Petition therefore clearly demonstrates by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 exclusive of interests and costs; as Plaintiff and Defendant are citizens of different states, removal is proper under 28 U.S.C. § 1332(a).

## TIMING OF REMOVAL

21.     As Great Lakes was served through the Texas Commissioner of Insurance on or about July 27, 2017, this Notice of Removal is filed within 30 days of service of the petition upon Great Lakes, pursuant to 28 U.S.C. § 1446(b); and is filed less than one year after commencement of the action, pursuant to 28 U.S.C. § 1446(c).

22.     This Notice is therefore timely filed.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

23.     Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice hereof to all adverse parties of this Notice of Removal and shall file a copy with the clerk of the 370th Judicial District Court of Hidalgo County, Texas, where the state court action is currently pending.

## ANSWER

24.     Defendant has not filed any responsive pleadings in the state court action, except the Notice of Removal as required by the Federal Rules of Civil Procedure.  Defendant will timely file its Answer to Plaintiff's Original Petition in this Court.

---

state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs."); *Manguno*, 276 F.3d at 723.
[33] *White*, 319 F.3d at 675-76.

## JURY DEMAND

25.     Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION

26.     In light of the foregoing, Great Lakes respectfully removes this civil action styled *Velia Ramos v. Great Lakes Reinsurance U.K. S.E.*, from the 370th Judicial District Court of Hidalgo County, Texas.

## PRAYER

27.     Defendant prays for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

*/s/ Les Pickett*

Les Pickett
   Federal I.D. No. 14306
   State Bar No. 15980520
   lpickett@gallowaylawfirm.com
Jake Kauffman
   Federal I.D. No. 2348262
   State Bar No. 24080594
   jkauffman@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT,**
**GREAT LAKES INSUREANCE SE**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing has been served to the following via ECF Notification on August 23rd, 2017:

***Via ECF Notification***
J. Gabriel Ortiz
Martin J. Phipps
PHIPPS, LLP
102 9th Street
San Antonio, Texas 78215
**ATTORNEYS FOR PLAINTIFF**

*/s/ Jake Kauffman*
Les Picket
Jake Kauffman
